## WELTMAN BROS. v. A. & L. AUGUST.

### No. 717.

**Assignment of Lease—Rights of Assignee—Show Windows.**

A lessee of a storehouse erected show windows in such manner that they would have been part of the realty, if constructed by the owner of the building, but under an agreement that they might be removed. Afterwards the lessee made a written transfer, without any reservation, of the unexpired term of the lease. Held, that this assignment of the lease passed the right to the use of the show windows for the unexpired term.

APPEAL from the County Court of Tarrant. Tried below before Hon. ROBERT G. JOHNSON.

*R. J. Boykin,* for appellants.

*John W. Wray,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellees, A. & L. August, in the Justice's Court against the appellants, Weltman Brothers, and D. E. Hirshfield, to recover $199, the alleged value of certain show windows. In that court judgment was rendered against the plaintiffs, the appellees here. They appealed to the County Court, where the case was tried without a jury, and judgment rendered in their favor. From that judgment we have this appeal.

On the 1st day of October, 1891, Geo. C. Hudgins leased to J. A. Thomas a certain store room in the city of Ft. Worth for the term of three years. This lease was assigned to A. & L. August. In November, 1892, they assigned it to Weltman Bros. by the following written endorsement thereon: "We hereby transfer and assign the within lease to Weltman Bros., said Weltman Bros. to pay Geo. C. Hudgins the sum of one hundred and five dollars, and A. & L. August agreeing to pay twenty dollars per month.        (Signed)    "A. & L. AUGUST."

Weltman Bros. continued in possession until February, 1894, paying the rent as stipulated in the assignment, when, with the consent of Hudgins, they assigned it to A. L. Hirshfield. When both of these as-

signments were made, there were in and affixed to the store room three show windows, which would have been part of the realty had they been constructed by the owner of the premises. But they were placed there under agreements with the owner that they might be removed, etc., which made them the personal property of appellees.

The legal effect of the written transfer above quoted passed the right to the use of the windows with the room to which they were affixed to Weltman Bros. for the unexpired term of the lease. And the assignment of Weltman Bros. passed such right to Hirshfield. This legal right could not be changed or controverted by parol evidence, and the court erred in admitting and considering it for that purpose.

Eliminating such evidence from the record, and giving that which alone should have been considered its proper weight, the judgment should have been for the appellants, without prejudice to appellee's right to remove their windows upon the expiration of the lease, and, as the cause was tried without a jury, the judgment of the County Court is reversed, and such judgment is here rendered as should have been in that court.

Reversed and rendered for appellants.

*Reversed and rendered.*

Delivered November 27, 1895.